IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ALONZO W. GRIER,

    Petitioner,

v.                                    Civil Action No. 5:13CV110
                                                    (STAMP)

RUSSELL PURDUE, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.    Procedural History

On August 19, 2013, the pro se[1] petitioner, Alonzo W. Grier ("Grier"), filed a petition pursuant to 28 U.S.C. § 2241 arguing that the federal government usurped its authority when it permitted the Commonwealth of Pennsylvania to take primary custody and then re-secured custody causing him to serve his state convictions in installments. Grier asserts that this has caused his state sentence to be stopped until he is once again returned to that prison. He contends that this constitutes a violation of his Fifth and Fourteenth Amendment rights and if left uncorrected will raise Eighth and Thirteenth Amendment concerns. As relief, the petitioner requests that all of the state time he served be added

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

to his federal time, or he requests that he be sent back to state prison with his federal sentence continuing to run.

The government filed a motion to dismiss or motion for summary judgment arguing that the petition should be dismissed because it lacks support in both law and fact. The government asserts that the Bureau of Prisons ("BOP") correctly began the computation of the petitioner's sentence on the date it was imposed and properly awarded him credit for that time served that was not already credited toward his state sentence. The petitioner responded and asserted the arguments maintained in his petition.

In accordance with Local Rule of Prisoner Litigation Procedure 2, this case was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation. Magistrate Judge Kaull entered an order directing the government to file a supplemental memorandum explaining why the United States had primary jurisdiction over the petitioner, and requesting that the government provide a copy of the state detainer and the writ that permitted the government to borrow the petitioner for a period of time if a copy was available. The government filed the supplement clarifying when the United States gained primary custody over the petitioner and explaining that his federal sentence has been calculated with a credit for all time spent in pretrial detention. The government indicated that it had not obtained a copy of the writ, but argued that even if a writ was not issued, it would not

constitute a waiver of primary jurisdiction. The petitioner filed a response arguing that the government has failed in establishing primary jurisdiction and disputes the government's contention that if he was released to the state with a writ, said release amount to harmless error.

Magistrate Judge Kaull then issued a report and recommendation based on these filings recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within 14 days after being served a copy of the report and recommendation. The petitioner thereafter filed objections. For the reasons set forth below, based on such de novo review, this Court adopts and affirms the magistrate judge's report and recommendation in its entirety.

## II. Facts

The petitioner's criminal background at issue for his petition involves numerous arrests and charges.[2] The petitioner pled guilty on January 7, 2008, to various state court charges that accumulated between February 2004 and September 2005. While on bond and before pleading guilty to these state charges, the petitioner was indicted by two separate federal grand juries for various crimes. First,

---

[2]For a more detailed explanation of the arrests, charges, and indictments concerning the petitioner, see the magistrate judge's report and recommendation at ECF No. 35.

3

the petitioner was indicted on June 20, 2006, in the Western District of Pennsylvania on a four-count indictment involving drug and firearm violations occurring on or about April 1, 2005. Then, on November 7, 2006, the petitioner was indicted in the Northern District of West Virginia in a ten-count indictment involving various drug violations occurring on or about May 2006 through July 2006. On November 4, 2009, the petitioner plead guilty to three counts of the June 2006 indictment and one count of the November 2006 indictment. On May 31, 2011, the district court sentenced the petitioner based on his plea of guilty to those counts. His aggregate sentence totaled 170-months of imprisonment.

The petitioner has received a total of 1,774 days of prior custody credit towards his federal sentence. This includes the time period beginning April 1, 2005, the date he was arrested by the Pittsburgh Police Department and held in custody until April 3, 2005, when he was released on bond, and for the time period beginning on July 25, 2006, the date he was arrested by federal authorities, through May 30, 2011, the day before his federal sentence commenced. The petitioner's current projected release date, including the projected "good conduct time," is December 17, 2018. At that time, the petitioner will be released to Pennsylvania authorities, based on a detainer filed with the BOP.

III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because this Court construes petitioner's recent filing as an objection to the entire report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

IV. Discussion

In his report and recommendation, the magistrate judge found that the petitioner has received the proper amount of prior custody credit, but noted that this was not what the petitioner was disputing. The magistrate judge stated that the petitioner is, instead, arguing that the federal government failed to follow protocol, which has resulted in him serving his state sentence in installments. The magistrate judge stated that this argument seems to be based on a disagreement concerning whether the state or the federal government had primary jurisdiction over the petitioner. As to the petitioner's assertions, the magistrate judge stated that primary jurisdiction rested with the federal authorities as of July 21, 2006, and the fact that he was borrowed by the Commonwealth of Pennsylvania did not relinquish primary jurisdiction by the federal authorities. The magistrate judge also noted that the period from January 28, 2008 through April 1, 2008, when he was confined in state correctional facilities after being borrowed from federal

5

custody, did not serve to lengthen either his federal or state sentence.

The petitioner objects to these findings, again arguing that he is being forced to serve his state sentence in installments because the federal government failed to return him state custody. Further, he argues that the state retained primary jurisdiction over the petitioner, and therefore, his state sentence should not have stopped running.

After a <u>de novo</u> review of the record and the pertinent law, this Court concludes that the magistrate judge reached the correct determination concerning primary jurisdiction. "Determination of priority of custody and service of sentence between state and federal sovereigns is a matter of comity to be resolved by the executive branches of the two sovereigns." <u>United States v. Warren</u>, 610 F.2d 680, 684 (9th Cir. 1980). The general rule is that the sovereign which first arrests a defendant obtains primary jurisdiction for purposes of trial, sentencing, and imprisonment. <u>Id.</u> The sovereign with primary jurisdiction retains that jurisdiction until the sovereign acts affirmatively to relinquish it. <u>United States v. Cole</u>, 416 F.3d 894, 897 (8th Cir. 2005). Affirmative acts which operate to relinquish primary jurisdiction include releasing a defendant on parole, granting bail, or dismissing pending charges. <u>See</u> <u>id.</u> Additionally, a sovereign,

acting through its executive may elect to waive the right to primary jurisdiction. Ponzi v. Fessenden, 258 U.S. 254 (1922).

The federal government arrested the petitioner on July 21, 2006. On this date, the petitioner was not in the custody of the state officials. Instead, the state had released the petitioner on bond after arresting the petitioner for his various state court charges. Accordingly, they had relinquished primary jurisdiction at that time. See Cole, 416 F.3d at 897. There is nothing to suggest that the federal government ever relinquished primary jurisdiction to the state thereafter. While it appears that the Commonwealth of Pennsylvania did borrow the petitioner for a period of time, this does not constitute a relinquishment of primary jurisdiction by the federal government. Further, even if the Commonwealth of Pennsylvania did borrow the petitioner without the benefit of a writ of ad prosequendum, the petitioner has not suffered a violation of any constitutionally protected right based on the failure to obtain the writ. See Derengowski v. U.S. Marshal, 377 F.2d 223, 223 (8th Cir. 1967) ("The exercise of jurisdiction over a prisoner who has violated the law of more than one sovereignty and the priority of prosecution of the prisoner is solely a question of comity between the sovereignties which is not subject to attack by the prisoner."); see also United States v. Harden, 45 F. App'x 237, 239 (4th Cir. 2002) (finding that prisoners have no standing to challenge transfers between

sovereigns or the issuance of a writ of habeas corpus ad prosequendum and, therefore, there was no constitutional error based on an alleged defective writ).

## V. Conclusion

Having reviewed the magistrate judge's report and recommendation de novo, this Court hereby AFFIRMS and ADOPTS the report and recommendation (ECF No. 35) in its entirety. Accordingly, petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED and DISMISSED WITH PREJUDICE and the respondent's motion to dismiss or motion for summary judgment (ECF No. 17) is GRANTED. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    August 4, 2014

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE